Good morning. May it please the Court, Andy Adler from the Federal Defender's Office on behalf of Steven Schreck, who, of course, goes by Eugene Sandberg. He was present with us today in the courtroom along with his wife, Kathy. They happen to be celebrating their 47th wedding anniversary today. It's an unusual way to celebrate, but it's an unusual case because Mr. Sandberg was convicted of two felonies under 1542, which has a willfulness element, because, and it's undisputed, he accurately completed a passport renewal application and, also undisputed, complied with the instructions to submit his current passport. Now, we acknowledge that that passport had been obtained in the past by false statements and included an incorrect date and place of birth. Nonetheless, with respect to this application— Andy Adler Yes, we don't dispute that. Nonetheless, our core argument with respect to both counts, and I want to address them both, is that somebody who complies with the government's own forms and written instructions does not, as a matter of law, commit a willful criminal act for which an ordinary person would have fair notice. So with respect to count one, the government's theory in the case is that Mr. Sandberg used the passport, again, by complying with the instructions, because it served as proof of his identity and citizenship. The problem there is even if you accept that theory of use as a valid one under 1542, and we do not, it still was not willful because there was no evidence that he knew it would be put to that use. There was nothing in the form or the instructions that advised him of that. There was no box for anyone to check, and the government's own witness, Figueroa, the fraud prevention manager— He intentionally presented it as something to support his renewal application. He knew, I'm sure he could reasonably find, he knew what he was doing. He voluntarily submitted the application because the instructions required him to submit that passport as part of it. However, the use is what has to be knowing and willful, and the government's theory of use is that it served as proof of identity— Yesterday, I checked into the hotel, and they asked for a photo ID. I could have used my passport, and if I had, it would have been intentional, wouldn't it? Well, two responses to that. Number one, under Browder, we don't think that constitutes use within 1542 because it's not in connection with travel, but even if you disagree with that, that is different than this case because you are unknowingly submitting your passport as proof of identity. In this case, he doesn't know that that is the use to which it's being put. There's nothing that advises him of that, and the government's own witness, Figueroa, testified—page 151, docket entry 78—that an ordinary person who did not work for the passport agency would not know this, and the government's only response to this in its brief is a footnote on page 19 where it says, well, it's common sense. It's not common sense. This application process is common sense. This form alone has a four-page, single-space set of instructions. Figueroa herself testified this is technical, and anyway, the most likely explanation that an ordinary person would think of for why they're required to submit their passport is that if you want to get a new one, you have to submit your old one. You can't have two active passports at the same time, and people aren't sitting there thinking about why the instructions are requiring this. They're just complying with them, and that's what Mr. Sandberg did here. With respect to count two, this is the false document count, so the theory here is that he made a knowing and willful false statement by submitting a false document, so our argument there is, number one, an authentic, genuine, official U.S. passport is not a false document in this context. We think that's a legal question, not a jury question. Do you have a case where we or even another court have considered genuine to be limited to what we all might think of as truly fraudulent documents, say a fake passport made in China, something like that? No, I'm not aware of any case that says that, in part because I'm not aware of any prosecution that proceeded under this theory in the history of this statute, which goes back over a century, but that's not the hill I want to die on here because even if you think the more natural reading of false document is the government's broader reading, I still think there's no willfulness here because the government itself concedes on page 20 of its brief that this phrase false document has multiple potential meanings in this context, one of which is our meaning, that is a counterfeit or forged passport, and so if that's true, I think that's already reasonable doubt right there. I think the government's argument is, your argument is false in this context means inauthentic. Yes. The government's argument is that it can mean that, but it can also mean that it's untrue. Correct. Right? Yes. And the question is, would you have noticed that it could mean both? I think that's right, your honor, and I think even if you accept the government's theory that it could be both, how is Mr. Sandberg, an ordinary layperson, supposed to know that it has the broader meaning? So I think that's reasonable doubt alone, and then on top of that, you add all of these surrounding contextual factors. The form and the instructions are focused on the authenticity of supporting documents, the color photograph. For knowledge, what about the part of the passport application that states specifically, and I think you acknowledge this in your brief quote, false statements made knowingly and willfully in passport applications, comma, including affidavits and other documents submitted in support of the application, comma, are submitted, are punishable by fine and or imprisonment. Does that not notice? No, that refers to a false statement, and nobody is arguing here that his submission of an authentic, genuine passport is a false statement. Yeah, but if it could be read both ways, and your point is he couldn't know that that way would be punishable, doesn't that seem to indicate that that way very much is punishable? The exact way that the government is arguing does? But he didn't make, there's no allegation that he made a false statement in this case. Right, because false statements made in other documents. He certainly made a false statement in his passport. He did not, your honor. If he did, they wouldn't need to charge him with the false document theory. They could just go straight under, you made a false statement in your attached passport. There's been no allegation of that in this case. The allegation is he knowingly made a false statement when he represented by signing his name that he submitted a false document. And our position is that if you look at the surrounding context here, there's no way for an ordinary person to think, beyond a reasonable doubt, that this authentic, genuine passport is a false document, especially when you look at the form's concern with the authenticity of the photograph, marriage license. Doesn't that indicate that the contrary with regard to those that are attached? In other words, the fact that it says certified copy of a marriage certificate and genuine in regard to other documents, doesn't that indicate the lack of the use of those terms in relation to those documents that are attached, including the passport? Means it doesn't go to genuineness or certified. It goes to the interpretation the government has that the document is false if a statement within it is false? There's nothing in this form or instructions that says, if your attached document like your marriage certificate has false information, then here's what you need to do. Yeah, but this is a general intent statute. This isn't a specific intent statute. This is a willfulness statute, your honor. It's a general intent statute. The case law specifically says that 1542 is a general intent crime, right? I'm not aware of that. The government doesn't cite that. But I know willfulness is a heightened standard of mens rea. It's one of the more heightened standards that we have. We've got a reasonable doubt standard on top of that. Yeah, but willfulness doesn't require specific knowledge of the wrong that you are committing. In other words, unlike for tax statutes and regulatory crimes, you don't need to know the actual act that you are committing. You just need to act for an unlawful purpose of some sort. Correct. And what we are seeing here, he certainly got a false passport for an unlawful purpose. In the past, yes. Yeah, but it's the same information. It's not like that goes away when you keep using that false information, right? Your Honor, the government did not prosecute him for that misconduct, which we are not disputing. The government may be frustrated that they didn't prosecute him for that. But that does not give them license to charge him for a non-wilful criminal act in the present. And our bottom line here is everything he did here is in compliance with the form and the instructions that the government put out. There is no dispute that the information in the form, including the place and date of birth, is correct. And it does not match the information in the attached passport. He is not trying to hide anything. It is out there in the open. He includes his birth name, Stephen Schreck, so they could see this. They come to his house. He invites them in. No lawyer. The interviewing agent acknowledges at trial he is very straightforward. He tells them exactly what's going on. At the end of the interview, he even says, well, you're going to renew my passport because he doesn't know. He's done everything the government has asked him to do. I don't see how that can possibly be a willful criminal act, subjecting somebody to 10 years in federal prison. Now, it may be that the government at the end of this needs to revise the form. It may even be that he was not entitled to get his passport this way, as Figueroa testified. But it doesn't... That was my question. And I will say, regardless of the results here, I'm sympathetic to your client. It seems to me to be a pretty aggressive prosecution, at the least. Is there a way, in your view, and I'll ask your friend on the other side this too, that he could have renewed his passport without subjecting himself to these potential penalties? Was there a different way to do it that wouldn't have allowed the government to try to charge him with something? I think the answer is yes. Based on the testimony at the trial, Figueroa testified that, this is on page 155 to 156 of Doctrine and Covenants 78, in her rebuttal testimony, I believe she said, yes, in this particular situation, he would have to go in in person, he would have to bring all of his original documents, and he would have to fill out a different form, the DS-11 form. She doesn't say if he did that, he would be subject to prosecution. So I guess... I wonder if that... I guess I could have looked at the form, but I wonder if that form doesn't have a similar prohibition on false documents. I don't know. I'll be sure to ask the other side. I don't think he would be required to submit his passport under that form, because you I guess he could, but I think you just have to bring in a birth certificate or some form of identification. But to the point that you can't have two passports out there floating around at the same time, I expect you would have to bring it in for some purpose. That may be. I'm not sure about the answer to that. I do know that the form, the instructions itself says this, that you can't have two potentially valid passports at the same time. So when you get a new passport in the mail, it's going to have a different serial number. And so I think any ordinary person, this goes to count one, any ordinary person who is thinking, who is going beneath the instructions thinking, why is this required of me? I don't think ordinary people do that. But if they did, they would probably think, oh, I can't have two at the same time. Not oh, I need to submit this passport to prove who I am because I had already done... Because I'm renewing by mail, and I had already done that in person. That's not something an ordinary person should be expected to think about.  Thank you, Your Honor. Thank you, Mr. Adler. Ms. Perwin. Good morning. May it please the Court. Amanda Perwin on behalf of the United States. Your Honor, when Mr. Shrek attached his old passport for the express purpose of renewing his passport by mail, he used a document under both Browder and every single use case that the Supreme Court has decided. He used it in the sense that he actively employed it. He presented it. It was not, for example, as in Bailey, a gun in a glove compartment or in a closet. It was presented to United States authorities for a purpose. Here, though, your opposing counsel, I agree with you completely. And that seemed to be the focus of the briefs, frankly. But here, we really haven't heard much about that. What we hear now is, no, no, no, it's really about willfulness. He didn't willfully do it. He didn't have any sort of illegal intent in presenting this, because all he did was just follow the instructions on the form. That's what I heard your opposing counsel say. So, what evidence do we have regarding that? Well, your Honor, you're absolutely right. That intent to deceive is not required. Browder is clear on that. The use that is punishable is simply intentional use of a passport procured by— In other words, not accidental. Not an accidental use. And there's, I don't think, any dispute in this case that this was an accidental use. It was plainly a purposeful submission with the intent to secure a passport by mail, as opposed to any other way of getting it. And to answer your question, Judge Grant, yes, he could have gone in person, and he could have represented his identity documents, his real birth certificate, whatever, real driver's license, what have you, to reestablish his identity under his real name. If someone has already a passport with false information, wouldn't they have to— I assume that the U.S. government wouldn't want someone to have two passports, one with their correct information and one with false information, right? I assume that's right, your Honor, and I assume he would have had to turn in, in person, that old passport. And I will say that the first time a citizen applies for a passport, they do so in person. This is at page 37 of Docket Entry 78. They do sign and take an oath that all that information is true, just as they do when they renew by mail, and they check the box that they've made no false statements and attached— Yeah, you get the old one back with a hole in it or something. Yeah, I believe that's right, your Honor. I guess if that's true, why wouldn't a person doing an in-person renewal also be using their old passport for that purpose? Like, why does the in-person make any difference versus the mail? Because doing it in person would have required him to explain and be truthful about his past. He would have had to come clean. But under your definition, isn't he still using the old false document? I don't think that I would be standing here making that argument under those circumstances, your Honor, and I don't think I would make that argument. I thought you said that if he did it in person, he'd have to come forward with his true documents, that is, his original birth certificate, his driver's license, whatever, under what was his correct identity. Exactly, and in that case, he wouldn't be making any false statements because he would be saying to the U.S. Passport Office, this old passport is false. So he'd be turning in his old passport rather than using it to get a new one. Is that what you're saying? And I actually think the facts would be different even if he had written a letter in his renewal passport by mail and said, hey, this old passport has false statements. But the reason, and I think any reasonable jury could have inferred this, that he didn't do that is because he didn't want to tell the Passport Office that he wanted to simply change the information, correct the mistakes, and not get caught. Although you may well be right that this ends up qualifying on both counts, but wasn't this a pretty aggressive use of prosecution here? I mean, it does seem like this gentleman had been trying to correct the record and the statute of limitations, as you've noted, had run for the original false information on the passport. Isn't it pretty aggressive to reach out and prosecute him for this? Your Honor, I understand the argument that this is something of a sympathetic defendant, but my take on it is that it's pretty well within the normal types of passport cases that our office prosecutes. This is somebody who, for decade upon decade, had lived under a false identity and applied for passport after passport in a dead person's name. The purpose of the passport fraud statute is to protect the integrity of U.S. passports. He was sentenced to 12 months probation? That's correct. He wasn't sentenced to prison time. The government was not heavy-handed, for example, in its sentencing recommendations. What was that recommendation? Do you know? I believe the government agreed to probation in this case. Do you know if that was the original request or not? I'm not sure what you mean, Your Honor. I think at sentencing, the government and the defendant, then the defense, agreed. Oh, agreed together, I see. I think so.  So, it's not, you know, the prosecution itself, to me, is within the wheelhouse of ordinary passport fraud prosecutions, at least that I've seen in the office. But yes, of course, the defendant is more sympathetic, certainly, than others. Turning to count two in the false state, the false document question, I think Judge Luck hit it on the head. There's a warning right in the passport application that false statements, including false affidavits or anything attached to the application, is punishable under 1542. It even cites the statute under which he was charged. I think that's a very clear indication that the term false documents includes documents with false statements in it. It's a very broad admonition. I don't, it's hard to see how you could read it any other way. The other point I would make about that is that this is not, in my view, a legal question. This was a question for the jury. This isn't a question of statutory interpretation. It's a term in an application that the jury was very free to conclude that this defendant knowingly and willfully checked that box and knew that he had attached a false document. I think whether there's another interpretation is not what this court is here to decide. It's whether any reasonable jury could have concluded as they did, and there I think it's a relatively easy answer. Could there be a way to draw a statute that it would only apply to what we describe as counterfeit documents rather than documents with false statements? I guess it would say counterfeit.  And you think either of those would qualify under this? Is false just a broader term perhaps than counterfeit? I think any kind of common sense understanding of the word false encompasses both. A document that is not genuine or a document that contains lies. I don't think it's a kind of a term of art where a jury needed a special instruction about it. I think it's really just a matter of common sense. I don't know that I can even, I've tried to think about this, it can make a distinction between the inauthenticity and falseness. I mean, if it purports to be a Chinese passport but was not actually produced by the Chinese government, then it contains false information insofar as it appears to have been issued by the Chinese government. You know, I just, I'm not sure even how in the inauthentic context it's not still false. Yes, your honor. I mean, certainly a counterfeit passport is false because it is both not genuine and contains false statements. Yeah. But here, you know, we're just on the false statement side of it, but I think the application itself is very clear that false statements, including those in documents, are punishable under the law. So it's, any reasonable jury could have concluded that Mr. Schreck understood that and checked the box anyway. Anything that's inauthentic that has written information is going to have false information. If I buy a fake Rolex and it says Rolex, it's not really a Rolex. That's true, your honor. And I mean, I suppose you could have a counterfeit document that had true information in it and that would still be a false document on the non-genuine side. But any way you slice it, this passport is a false document. If the court has no other questions, I will. Thank you very much. Thank you, Ms. Perwin. Mr. Adler, you have five minutes. Thank you, your honor. Judge Grant, the government has not identified a single prosecution in over 100 years that resembles this one under the statute. So I think that qualifies as an aggressive use of prosecutorial authority, not an ordinary one. What evidence do you have for that statement? You're saying you can't find a reported decision like this one? And the government has not supplied any, despite our... Is that because that you happen to know or you understand that almost every 1542 prosecution in this district results in a plea? In other words, there aren't reported decisions for that? Your honor, I think the government is in the best position to know this. I'm asking you. I obviously have no way of knowing every single 1542 prosecution. You have an understanding of how prosecutions are in this district. I think it's pretty well known that there are many 1542 prosecutions that get made in this district, and almost all of them result in a quick plea because the sentencing is generally zero to six. That may well be true, your honor. But if there had been a set of facts that resembled this one, we would not be pleading to that. We'd be going to trial like Mr. Sandberg did. With respect to count one, on use, we were, Judge Luck, we were going to willfulness on that only because we think it's the easiest and narrowest way for the court to rule in our favor. If you don't agree with us on that... Can you brief that? I mean, you briefed both. Of course. Thank you, your honor. Yes, on the use prong, we think Browder requires in connection with travel. We think the use precedence, the Supreme Court has repeatedly said, active employment at the crux of the offense... But counsel, you don't dispute what your opposing counsel said regarding willfulness in Browder. Browder said it's an intentional act not to distinguish between accidental, right? That's it. It says with deliberate and with knowledge as opposed to carelessness or negligence. Yes, that's what the language says at the end of Browder in the last paragraph or so. So we don't dispute that. We're applying the Browder standard. As for count two, there is simply no mechanism on the form or the instructions for somebody to correct the information in their passport. It's a renewal application. It might be different if you show up in person with your original documents. And I mean, it's a more, look, renewals are a lot easier, right? Yes. And so the State Department doesn't have to see you in person. They can rely upon the, this is a person for whom we've issued a passport before. And it's an expedited process, a lot easier on the passport holder. But if you really want to correct all the information, get things straight, because there has been submission of false information in the past. You can do it the harder way, right? I'm not sure how a person reading this form instructions would know how to do it. Other than- You might not be able to do it this way, that is, through a renewal application. But you can do it in a way that any first-time passport holder would do it. And show up with your original documents. And you can tell the officer, look, this is what's happened in the past. I want to come clean. Here's, I'm submitting the same documents that I would have submitted 40 years ago. The problem with that, Your Honor, is if you just pick up these instructions. He is eligible to use this form under the eligibility criteria. He satisfies all the boxes. He checks them all. So in his mind, hey, I'm eligible. Now I'm going to fill out this form, and I'm going to fill it out correctly. Everything on the form is correct. It is effectively correcting the information on the passport. In your Rolex example, for example, it's as if you are selling a fake Rolex. But then you are giving a disclaimer that says, this is a counterfeit Rolex. That's exactly what he's doing here. He is alerting them to the fact that this information on the passport is not correct. He includes... How did the jury know that that's the case, that he was doing that? I'm sorry, Your Honor? How did the jury know that he was doing that? Because he told the jury, right? That he was doing... What you just said, that he was trying to let them know about the false information. He was trying to disclose it to say, hey, listen, I'm trying to correct all of this. As for his intent, sure. Can the jury disregard that? In other words, if his testimony to the jury was, hey, I'm just trying to correct all this and make this all right, and that's why I did all this, I had no intent, can't the jury just reject that? Sure, theoretically. But that's not... Our argument is not... Aren't we required to read the record that way? Sure, Your Honor, but our argument is not based on his testimony. It's based on the actual document. I know your argument isn't based on that, but for sufficiency purposes, aren't we allowed to read the opposite intent to find sufficient evidence of intent? Your Honor, I don't know what the opposite inference would be there. He is actually... He actually did do it because he was not trying to correct this. He was trying to put one over on the federal government by lying. There's no inference that he was trying to put one over. Everything he did was perfectly out in the open and candid. There's nothing false. Isn't the jury allowed to disregard that explanation? Disbelieve it. It can disbelieve his testimony. And believe the opposite of his testimony. Sure, but if you look at the government's evidence, the form, everything he wrote on the government's own evidence and exhibits is correct. There is no inference that this is false, that this is deceptive in any way. Passport had not expired, right? That is correct, Your Honor. There's still about a month to go, even though one of the witnesses testified that it was expired. I think that was actually incorrect, so you're correct about that. But I don't think that has any bearing here on this case. But at the end of the day, if somebody is just complying with the forms and the instructions, I just don't see how that can be a willful criminal act. That's our core submission here today. Thank you very much. Thank you, Mr. Adler. We have your case. We'll move on to the next one.